NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California   90071
(213) 488-9411   FAX:  (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 1:17-bk-12250-MT |
| | ) | |
| CHURCH OF MERCH, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | TRUSTEE'S MOTION FOR ORDER |
| | ) | APPROVING SALE OF PERSONAL |
| | ) | PROPERTY, SUBJECT TO |
| | ) | OVERBID; MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES; |
| | ) | DECLARATION IN SUPPORT |
| | ) | |
| | ) | [FILED CONCURRENTLY WITH |
| | ) | NOTICE OF TRUSTEE'S MOTION |
| | ) | FOR ORDER APPROVING SALE OF |
| | ) | PERSONAL PROPERTY, SUBJECT |
| | ) | TO OVERBID] |
| | ) | |
| | ) | DATE:  September 26, 2018 |
| | ) | TIME:  11:00 a.m. |
| | ) | CTRM:  302 |

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY

JUDGE, THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, ALL

CREDITORS, AND OTHER PARTIES IN INTEREST:

Nancy Hoffmeier Zamora, Chapter 7 Trustee ("Trustee") of the

bankruptcy estate (the "Estate") in the above-captioned Chapter 7

bankruptcy case (the "Case") of debtor Church of Merch, LLC

("Debtor") hereby respectfully moves the Court for an order

approving assignment, sale, and transfer of the Estate's right,

title and interest, with no representations or warranties, on an

"as-is, where-is" basis in all unencumbered personal property of the Estate including, but not limited to, a cellphone case printing machine, a transfer press, several warehouse racks, used computer equipment, and aged accounts receivable (the "Personal Property") for the sales price of $5,000.00 (the "Sales Price") to Jeremy Mora, Debtor's principal ("Buyer"), or to the highest qualified bidder pursuant to the overbid procedure described below (the "Highest Bidder").

Trustee also moves for approval and authorization to execute any and all documents reasonably necessary to implement the assignment, sale and transfer of the Personal Property to Buyer or to the Highest Bidder.

Further, Trustee requests that the Court's order (the "Sale Order") include a finding that Buyer or the Highest Bidder, and any approved back-up buyer, is a "good faith purchaser" pursuant to Bankruptcy Code §363(m).

**PROPOSED OVERBID PROCEDURE**

Trustee proposes the following overbid procedure be used at the hearing (the "Hearing") on the motion (the "Motion") for the purpose of considering bids and seeks the Court's approval of the overbid procedure:

A.    Each potential bidder (other than Buyer) in order to qualify as a bidder at the Hearing, shall:

(1) submit to Trustee at least one (1) business day prior to the Hearing a cashier's check in the amount of $5,000.00 (the "Earnest Money Deposit"), which represents the amount of the Sales Price, made payable to "Nancy Zamora, Ch. 7 Trustee, Church of Merch Estate."  Trustee shall refund to Buyer, if Buyer is not

2.

the Highest Bidder, and to each and every qualified bidder who is not the Highest Bidder, the respective monthly payments and/or the Earnest Money Deposit tendered prior to the Hearing if Trustee accepts the bid of another bidder;

(2)  bid on the identical terms or better terms as Buyer including, but not limited to, an "AS-IS, WHERE-IS" basis, with no representations or warranties regarding the Personal Property, and with no contingencies;

(3)  submit to Trustee, prior to the commencement of the Hearing, proof of ability to close the sale within five (5) business days after entry of the Sale Order, and to tender the balance of any bid made by such bidder, such proof to be deemed acceptable or unacceptable by Trustee in her sole discretion, subject to approval by the Court;

(4)  attend the Hearing to participate in the bidding (including telephonic appearance via CourtCall); and

B.    The initial overbid shall be a total of $6,000.00, i.e., $1,000.00 more than the Sales Price of $5,000.00, and all additional overbids must be made in minimum increments of $500.00 over the last stated overbid made on the record.

If Highest Bidder fails to close the sale on or before the date that is five (5) business days after entry of the Sale Order, the Highest Bidder shall forfeit the Earnest Money Deposit and the next highest bidder shall pay the next highest bid within five (5) business days of written notification, transmitted via facsimile and/or e-mail, of Highest Bidder's default.

. . . . .

. . . . .

Church of Merch\sale motion.001

**CONCLUSION**

This Motion is based on the notice of motion filed with this Court and served on Debtor, Debtor's counsel, Buyer, the U.S. Trustee, all creditors, and other interested parties, and on the memorandum of points and authorities and the declaration of Nancy Hoffmeier Zamora, attached hereto.  Trustee respectfully requests that this Court enter an order approving the Motion; the proposed overbid procedure; sale of the Personal Property to Buyer, or Highest Bidder at the Hearing; and authorizing Trustee to execute such documents as are reasonably necessary to implement the assignment, sale, and transfer of the Personal Property.

Dated:  August 14, 2018

                                    /s/Nancy Hoffmeier Zamora
                                    Nancy Hoffmeier Zamora
                                    Chapter 7 Trustee

4.

Church of Merch\sale motion.001

### MEMORANDUM OF POINTS AND AUTHORITIES

This Memorandum of Points and Authorities ("Memorandum") is submitted in support of Trustee's Motion for Order Approving Sale of Personal Property, Subject to Overbid (the "Motion").  The capitalized terms used herein have the meanings ascribed to them in the Motion unless otherwise defined.

### I.   FACTS

1.   On August 23, 2017 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code commencing the Case assigned case no. 1:17-bk-12250-MT.  Trustee was appointed as the Chapter 7 Trustee in the Case.

2.   Trustee evaluated the assets listed in Debtor's schedules.  Trustee determined that the value of cash, bank accounts, and security deposits were $0.00 as of the Petition Date.

3.   Trustee had an experienced bankruptcy auctioneer ("Auctioneer") evaluate the equipment that is part of the Personal Property.  Auctioneer estimated that, at auction, sale of the equipment would sell for approximately $5,000.00 prior to deducting costs of sale such as advertising, moving and storage. Trustee determined that the aged accounts receivable with an original value of approximately $4,000.00 would be difficult and costly to collect and that there may be defenses to collectibility.  Trustee's investigation determined that the Personal Property is unencumbered.

4.   Through arm's-length negotiations with Trustee, Buyer agreed to purchase the Personal Property for a total price of

5.

$5,000.00 to be paid in ten (10) monthly installments of $500.00 each commencing on August 20, 2018 and ending May 20, 2019.

    5.    Trustee received no other inquiries from interested parties regarding purchase of the Personal Property.

## II.  ARGUMENT

**A.    THE PERSONAL PROPERTY IS PROPERTY OF THE ESTATE**

11 U.S.C. §541(a)(1) provides that property of a debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  As of the Petition Date, the Personal Property became property of the Estate.

**B.    THE COURT HAS AUTHORITY TO APPROVE THE SALE OF THE PERSONAL PROPERTY PURSUANT TO 11 U.S.C. §§ 363(b)**

Trustee seeks this Court's authority to sell the Personal Property pursuant to 11 U.S.C. §§ 363(b).  11 U.S.C. §363(b) provides that:

> [t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

**C.    SALE OF THE PERSONAL PROPERTY IS IN THE BEST INTEREST OF CREDITORS OF THE ESTATE**

Sale of the Personal Property to Buyer, or to the Highest Bidder, is in the best interest of creditors with claims against the Estate.  Sale of the Personal Property will minimize administrative expenses to the Estate by resolving the Estate's administration in a speedy and cost-efficient manner for the benefit of all creditors of the Estate.  Sale of the Personal Property pursuant to the terms described in the Motion is in the best interest of the unsecured creditors of the Estate because the

6.

Church of Merch\sale motion.001

funds paid to the Estate from the Sales Price, or from the highest

bid, will be distributed to creditors who hold allowed unsecured

claims after payment of allowed administrative fees and expenses.

**D.    NOTICE OF THE SALE IS ADEQUATE**

Trustee is serving notice of the sale on Debtor, Debtor's

counsel, Buyer, the U.S. Trustee, all creditors, and all other

interested parties.  Trustee is providing notice of the sale with

the overbid procedure to be posted by the Clerk's Office on the

Court's website.  The proposed sale is subject to overbid.  The

ability of other interested bidders to provide competing offers

for the Personal Property ensures that the proposed sale does not

result in a lucrative "windfall" to Buyer at the expense of

creditors of the Estate.  *See In re Onouli-Kona Land Co.*, 846 F.2d

1170 (9th Cir. 1988).

**E.    BUYER, OR HIGHEST BIDDER, SHOULD BE DEEMED A "GOOD FAITH**

**PURCHASER" PURSUANT TO 11 U.S.C. § 363(m)**

11 U.S.C. § 363(m) provides:
The reversal or modification on appeal of an
authorization under subsection (b) or (c) of this
section of a sale or lease of property does not affect
the validity of a sale or lease under such authorization
to an entity that purchased or leased such property in
good faith, whether or not such entity knew of the
pendency of the appeal, unless such authorization and
such sale or lease were stayed pending appeal.

A good faith buyer "is one who buys 'in good faith' and 'for

value.'"  *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th

Cir. 1992) (*citing In re Abbotts Dairies of Pennsylvania, Inc.*,

788 F.2d 143, 147 (3d Cir. 1986)). "[L]ack of good faith is

[typically] shown by 'fraud, collusion between the purchaser and

other bidders or the trustee, or an attempt to take grossly unfair

. . . . .

7.

1  advantage of other bidders.'" *Id. (quoting Community Thrift & Loan*

2  *v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)).

3      In the instant case, Buyer is buying in good faith, and has

4  not colluded with Trustee, other potential buyers or any other

5  party regarding the subject sale.  Trustee negotiated the

6  anticipated sale of the Personal Property with Buyer in

7  "arm's-length" communications.  At the Hearing, there will be an

8  opportunity for overbids to ensure that the Personal Property is

9  sold for the highest price possible.  Based on such facts and

10  circumstances, Trustee believes that this Court can properly

11  determine that Buyer is a "good faith purchaser" pursuant to 11

12  U.S.C. § 363(m).

13      If Buyer is not the Highest Bidder at the Hearing, Trustee

14  will request an opportunity at the Hearing for the Court to make

15  a finding that the Highest Bidder is a "good faith purchaser"

16  pursuant to 11 U.S.C. § 363(m).

17  **F.**    **THE BANKRUPTCY COURT HAS THE AUTHORITY TO IMPLEMENT THE**

18         **PROPOSED OVERBID PROCEDURE**

19      Implementation of the bidding procedure is an action outside

20  of the ordinary course of business.  11 U.S.C. §363(b)(1) provides

21  that a trustee "after notice and hearing, may use, sell or lease,

22  other than in the ordinary course of business, property of the

23  estate."  Furthermore, under 11 U.S.C. §105(a), "[t]he court may

24  issue any order, process, or judgment that is necessary or

25  appropriate to carry out the provisions of this title."  Thus,

26  pursuant to §§363(b)(1) and 105(a), this Court may authorize the

27  implementation of the overbidding procedure.

28  .  .  .  .  .

Church of Merch\sale motion.001

The bankruptcy court may issue orders determining the terms and conditions for overbids with respect to a sale of estate assets, including specifying the minimum consideration required for an overbid, the particular contractual terms required to be offered by overbidders, and requiring and setting the amount of potential overbidders' deposits.  *In re Crown Corporation* 679 F.2d 774 (9th Cir. 1982).  The overbid procedures proposed in the Motion will ensure that the Personal Property will generate the greatest possible value to the Estate.  The procedures also place appropriate checks on overbidders to ensure that only qualified bids are considered.

### III.  <u>CONCLUSION</u>

**WHEREFORE,** Trustee requests that the Court enter an order providing that:

A.    The Motion is approved in its entirety;

B.    Trustee is authorized to execute any and all documents reasonably necessary to assign, sell, and transfer the Personal Property to Buyer for the Sales Price, or to Highest Bidder for the amount of the highest bid, and pursuant to the terms and conditions set forth in the Motion, specifically on an "AS-IS, WHERE-IS" basis, with no representations or warranties regarding the Personal Property, and with no contingencies, and, if the Highest Bidder defaults, to the next highest bidder for the next highest bid;

C.    If the Highest Bidder fails to close the sale transaction on or before five (5) business days after entry of the Sale Order, the Highest Bidder shall forfeit the Earnest Money Deposit and the next highest bidder shall pay the next highest bid

9.

to purchase the Personal Property within five (5) business days of written notification, transmitted via facsimile and/or e-mail, of the Highest Bidder's default;

D.    Buyer, or the Highest Bidder if other than Buyer, and the back-up buyer, if any, each is entitled to the protections of §363(m) of the Bankruptcy Code;

E.    Trustee shall be authorized to refund to Buyer, if Buyer is not the Highest Bidder, and to each and every qualified bidder who is not the Highest Bidder the respective monthly payments and/or earnest money deposit tendered prior to the Hearing to purchase the Personal Property;

F.    Notice of the Motion and of the sale is proper and adequate;

G.    There shall be no liability to Trustee or her professionals, in any capacity, by virtue of the consummation of the sale or by virtue of the failure of such sale to consummate;

H.    The stay of the order approving this Motion imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules is waived; and

I.    Such other and further relief as the Court may deem just and appropriate.

DATED: August 14, 2018

/s/Nancy Hoffmeier Zamora
Nancy Hoffmeier Zamora
Chapter 7 Trustee

10.

## DECLARATION OF NANCY HOFFMEIER ZAMORA

I, Nancy Hoffmeier Zamora, declare:

1.    I am the duly appointed, qualified and acting Chapter 7 Bankruptcy Trustee of the above-entitled case.  If called upon as a witness I could and would competently testify to the matters stated herein.

2.    All capitalized terms used in this declaration have the meanings ascribed to them in the foregoing Trustee's Motion for Order Approving Sale of Personal Property, Subject to Overbid (the "Motion") and the Memorandum of Points and Authorities in support of the Motion unless otherwise defined herein.

3.    I reviewed the docket for the Case, documents that appear on the docket, the claims register for the Case, claims filed in the Case, and other related documents.

4.    On the Petition Date, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code commencing the Case.

5.    I evaluated the assets listed in Debtor's schedules.  I determined that the value of cash, bank accounts, and security deposits were $0.00 as of the Petition Date.

6.    I had Auctioneer evaluate the equipment that is part of the Personal Property.  Auctioneer estimated that, at auction, sale of the equipment would sell for approximately $5,000.00 prior to deducting costs of sale such as advertising, moving and storage.  I determined that the aged accounts receivable with an original value of approximately $4,000.00 would be difficult and costly to collect and that there may be defenses to

. . . . .

11.

Church of Merch\sale motion.001

collectibility.  My investigations determined that the Personal

Property is unencumbered.

7.   Through arm's-length negotiations with me, Buyer agreed

to purchase the Personal Property for a total price of $5,000.00

to be paid in ten (10) monthly installments of $500.00 each

commencing on August 20, 2018 and ending May 20, 2019.

8.   I received no other inquiries from interested parties

regarding purchase of the Personal Property.

9.   I desire to maximize distributions to creditors of the

Estate by selling the Personal Property on an "AS-IS, WHERE-IS"

basis, with no representations or warranties regarding the

Personal Property, and with no contingencies, to Buyer for the

Sales Price of $5,000.00, or to the Highest Bidder at the Hearing

if Buyer is not the Highest Bidder.

10.   Buyer is buying in good faith and has not colluded with

me, other potential buyers or any other party regarding the

subject sale.  I negotiated the anticipated sale of the Personal

Property with Buyer in "arm's-length" communications.  At the

Hearing, there will be an opportunity for overbids to ensure that

the Personal Property is sold for the highest price possible.

I declare under penalty of perjury that the foregoing is

true and correct.  Executed this 14th day of August, 2018, at Los

Angeles, California.

NANCY HOFFMEIER ZAMORA

Church of Merch\sale motion.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 9007

A true and correct copy of the foregoing document entitled (*specify*):

**TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY, SUBJECT TO OVERBID; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 14, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee: United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov; Kate Bunker, kate.bunker@usdoj.gov
Trustee: Nancy Zamora, zamora3@aol.com, nzamora@ecf.epiqsystems.com
Debtor's Counsel: Stuart R. Simone, info@gomezsimonelaw.com, breyes@gomezsimonelaw.com, info@gomezsimonebk.com
dreid@gomezsimonelaw.com, slim@gomezsimonelaw.com, ele@gomezsimonelaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On August 14, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor: Church of Merch, LLC, 11024 Balboa Blvd, Suite 1660 Granada Hills, CA  91344
Proposed Buyer: Jeremy Mora, 11024 Balboa Blvd., Suite 1660, Granada Hills, CA 91344
Trustee's CPA: Samuel R. Biggs, CPA, SLBIGGS, A Division of SingerLewak, 10960 Wilshire Blvd., 7th FL, Los Angeles, CA 90024
U.S. Trustee: Kate Bunker, Esq., Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA  90017
Judge: The Honorable Maureen Tighe, U.S. Bankruptcy Court, 21041 Burbank Boulevard, Suite 324, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 14, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| August 14, 2018 | Cynthia Casas | /s/ Cynthia Casas |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**